[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 17, 1995
The defendant files this motion to dismiss, claiming the court lacks both personal and subject matter jurisdiction. The defendant claims that the summons was not signed by a Commissioner of the Superior Court, and therefore, this defect is fatal, depriving the court of jurisdiction over the defendant.
In fact, the plaintiff's attorney, Mr. Cartoceti, signed the Summons, form JD CV-1 (Rev. 3-91), but in the wrong place on the above-mentioned form. The question here is whether the misplaced signature on the summons form is a fatal defect.
There is no question, and the parties do not dispute that the summons on Form JD CV-1 (Rev. 3-91) was filled in properly, but for the signature of the plaintiff s counsel in the wrong place, and the complaint signed by the plaintiff's counsel was served on the defendant. The summons form in every respect, other than above-mentioned, complies with Practice Book § 49, describing the parties, the court to which matter is returnable, and the time and place of appearance, and the complaint was attached.
Clearly, the court has subject matter jurisdiction, since it is competent to consider this personal injury action. Bridgeport v. Debek, 210 Conn. 175, 179-80,554 A.2d 728 (1989). The question here is whether or not this court lacks personal jurisdiction. The defendant cites Hillman v. Greenwich, 217 Conn. 520, in CT Page 979 support of its claim that the court lacks personal jurisdiction because of the "defect" in the summons. Unlike Hillman, in the instant matter the plaintiff did attach the writ of summons. He did provide all the necessary information, and the plaintiff's attorney did sign the writ of summons, albeit it in the wrong place. The court in Hillman stated
 Although the writ of summons need not be technically perfect and need not conform exactly to the form set out in the Practice Book; . . . the plaintiff's complaint must contain the basic information normally included in a writ of summons. Supra, page 526.
The court finds that the plaintiff did comply with the basic requirements under § 52-45a of the Connecticut General Statutes.
The court finds that the misplaced signature of the plaintiff's attorney is not a fatal defect that deprives this court of personal jurisdiction over the defendant. The misplaced signature is merely a circumstantial defect, and this defect is cured under § 52-123 of the Connecticut General Statutes.
The defendant's motion to dismiss is denied.